**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2039-15T4

FRANCINE GUDIN,

    Plaintiff-Appellant,

v.

6108 HUDSON AVE., LLC, DAVID
HEPPERLE, and RAY DELGAUDIO,

    Defendants.

_____

DAVID HEPPERLE,

    Third-Party Plaintiff,

v.

LEVY, EHRLICH, PETRIELLO, P.C.,
EHRLICH, PETRIELLO, GUDIN &
PLAZA, P.C., and STEPHEN F. CEA,
ESQUIRE,

    Third-Party Defendants-
    Respondents.

_____

FRANCINE GUDIN,

    Third-Party Plaintiff-
    Appellant,

v.

STEPHEN CEA and EHRLICH, PETRIELLO,
GUDIN & PLAZA, P.C.,

    Third-Party Defendants-
    Respondents.

_____

Argued September 27, 2017 — Decided  October 17, 2017

Before Judges Fuentes, Manahan and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-5635-13.

John P. Gleason argued the cause for appellant Francine Gudin (Gleason & Koatz, LLP, attorneys; Mr. Gleason, on the brief).

Peter V. Koenig argued the cause for respondents Levy, Ehrlich & Petriello, PC and Ehrlich, Petriello, Gudin & Plaza, PC (Mr. Koenig, on the brief).

Michael J. Canning argued the cause for respondent Stephen F. Cea (Giordano, Halleran & Ciesla, attorneys; Mr. Canning, of counsel and on the brief).

PER CURIAM

On December 3, 2013, plaintiff Francine Gudin filed a one-count complaint against 6108 Hudson Avenue, LLC, and David Hepperle and Ray Delgaudio individually, seeking to collect the balance due of a $262,500 promissory note executed by defendants, together with continuing interest accruing from October 19, 2007.  Plaintiff filed an amended complaint on October 10, 2014, adding two counts against defendants' attorney Stephen Cea and his former employer,

the law firm of Levy, Ehrlich, Petriello, P.C.  These counts were predicated on legal malpractice and breach of fiduciary duty arising from the attorney-client relationship "established by and between Gudin on the one hand as client and Cea and [the law firm] on the other hand as attorney[s]."

Defendants 6108 Hudson Avenue, LLC, and David Hepperle filed an answer to plaintiff's complaint, which included a third-party complaint against the law firm Levy, Ehrilch & Petriello, P.C., the law firm of Ehrilch, Petriello, Gudin & Plaza, P.C., and Cea, a member of the firm Levy, Ehrilch & Petriello.  After joinder of issue, plaintiff Francine Gudin served defendants with the affidavit of merit required under N.J.S.A. 2A:53A-27, with respect to the counts in her complaint predicated on professional malpractice.[1]

---

[1] The Affidavit of Merit authored by attorney Carl G. Archer dated December 22, 2014 stated, in relevant part, as follows:

> I have reviewed the pleadings in this matter in addition to the supporting documents provided to me by Plaintiff and Third-Party Plaintiff Francine Gudin.
>
> Based on my review of these documents, I have concluded that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice, or work that is the subject of Ms. Gudin's Third-Party Complaint fell outside acceptable professional standards.

The matter proceeded from this point through the traditional discovery process. On March 14, 2015, the Civil Division Manager's Office sent a written notice to the parties reminding them that the discovery end date (DED) was May 21, 2015. The notice also included the following caveat:

> If additional discovery is needed, appropriate application to the court must be made pursuant to [Rule] 4:24-1(c). Otherwise discovery will be deemed complete on the above date and the case will be scheduled for arbitration or trial with no adjournments thereafter granted absent exceptional circumstances.

By letter dated May 18, 2015, plaintiff's counsel confirmed a "conversation" he had with a representative of "Team 1" in the Civil Division Manager's Office, through which the DED of May 21, 2015 was extended "for an additional 60 days so that the Parties shall complete discovery[.]" By virtue of this extension, the court established July 20, 2015 as the new DED. In an order entered on August 7, 2015, Judge Mary Costello, the vicinage's Presiding Judge of the Civil Division, granted plaintiff's motion seeking a thirty-day extension of the July 20, 2015 DED. In the

---

> I have been licensed to practice law since 2008, and since that time I have devoted my practice substantially to the general area of contract drafting and enforcement between parties in a variety of settings. I have been involved in matters such as these both inside and outside of a litigation context.

order granting plaintiff's motions, Judge Costello established August 20, 2015 as the new DED. Judge Costello also included the following handwritten statement: "All discovery includ[ing] exchange of expert reports shall be completed by 8/20/15. Trial date is October 13, 2015."

In an order entered on September 18, 2015, Assignment Judge Peter Bariso granted plaintiff another thirty-day extension of the DED, requiring the parties to complete discovery "on or before September 20, 2015." Judge Bariso included the following handwritten statement: "Trial date remains 10/13/15. The relief granted shall not form the basis of an adjournment of the trial date."

On October 13, 2015, the parties and their respective counsel appeared before Judge Jeffrey R. Jablonski presumably ready to try this case. Judge Jablonski mentioned on the record the "discussions" he previously had with the attorneys in his chambers concerning plaintiff's readiness for trial. Specifically, despite having been granted a total of 120 days of additional discovery beyond the original May 21, 2015 DED, plaintiff's counsel had not provided defense counsel an expert report within the timeframe established by the court. Mindful of Judge Bariso's emphatic statement in his September 18, 2015 order, that failure to complete discovery "shall not form the basis of an adjournment of the trial

date[,]" Judge Jablonski concluded that "the matter presented to me now is whether . . . the expert report should be barred[.]"

Cea's counsel moved to preclude plaintiff "from producing at this trial an expert" based on plaintiff's failure to submit a report in a timely fashion, despite having been granted three extensions of the DED. Cea's counsel also argued he made a "strategic decision" to not retain his own expert until he had the opportunity to review plaintiff's expert's report and take his deposition if he deemed necessary. As Cea's counsel explained:

> It's not unusual that a defendant would do that. A defendant has no obligation to come forward with any type of expert report until such time as the standard of care has been established by the plaintiff's own expert. Absent that expert testimony in this case by a timely expert report, it was our view that plaintiff would not be able to proceed with the case and accordingly, we rely upon that order in not doing anything as far as getting our own expert.

Cea's counsel also emphasized that Judge Bariso's order permitting plaintiff to file an expert report by September 20, 2015, while at the same time setting a preemptory trial date of October 13, 2015, made it impossible for defendants to file a motion for summary judgment consistent with the time restrictions in Rule 4:46-1. Despite this procedural impediment, Cea's counsel filed a motion for summary judgment on his client's behalf on September 23, 2015. Counsel anticipated he would be able to

establish "good cause" to relax the Rule 4:46-1 requirement that a motion for summary judgment must be returnable "no later than 30 days before the scheduled trial date."

The record shows plaintiff's counsel served his expert report on defendants on September 30, 2015, ten days after the DED established by Judge Barisao, and thirteen days before the peremptory trial date. The report was dated September 28, 2015. Cea's counsel informed Judge Jablonski that he immediately "objected to its service" as untimely. He also apprised plaintiff's counsel that he planned to file an in limine motion to preclude plaintiff from presenting expert testimony at the time of trial.

Plaintiff's counsel conceded before Judge Jablonski that the expert's report was not timely. Counsel also argued that if the court were to prevent him from presenting expert testimony, he should be permitted to proceed under the common knowledge doctrine. The following statement from plaintiff's counsel captured the essence of this specious argument:

> I can't prove a case unless you are willing to apply [the] common knowledge [doctrine] and the only reason I'm mentioning that now is because you've said well I'm not going to allow your expert so call it a fallback, call it a secondary position. You're right, I intended Mr. Archer all along to be the expert. I was intending to have an expert because I think you need one.

A-2039-15T4

But since I can't have one, well then I find all these cases that say common knowledge and I think it fits the bill here. Again I'm repeating a bit but I don't think it takes much to understand a mortgage. It doesn't matter what kind of mortgage it was.

[Emphasis added.]

At the end of this exchange, Judge Jablonski granted defendants' in limine motion to bar plaintiff from presenting expert testimony and denied plaintiff's counsel's "fallback" application to rely on the common knowledge doctrine. With respect to the breach of the promissory note raised in count one of plaintiff's complaint, Judge Jablonski noted for the record that plaintiff's counsel had indicated to him that that matter was ripe for disposition as a matter of law via summary judgment. This appeal is thus limited to counts two and three, which are exclusively based on legal malpractice.

Against this record, plaintiff now argues on appeal that the trial judge erred in preventing him from prosecuting this legal malpractice case relying on the common knowledge doctrine. Plaintiff has also made a facially irrelevant argument concerning the suitability of her affidavit of merit, an issue that was not raised by any defendant in this case and was not addressed by the trial court.

We review a trial judge's decision to admit or exclude expert testimony under an abuse of discretion standard. Townsend v. Pierre, 221 N.J. 36, 52 (2015). An "abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, plaintiff's belated and facially disingenuous attempt to jettison the requirement of expert testimony on the day of trial and rely instead on the common knowledge doctrine does not warrant discussion by this court in a written opinion. R. 2:11-3(e)(1)(E). The record shows the trial court extended plaintiff's counsel every courtesy and offered him an extremely reasonable timeframe for him to meet his discovery obligations. Counsel's failure to fulfill those obligations are entirely of his own making. We discern no legal basis to disturb Judge Jablonski's well-reasoned decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2039-15T4